### SAMUEL FRANK & CO. vs. MEMPHIS & CHARLESTON RAILROAD COMPANY.

1. RAILROAD: *Liability as a common carrier. Delay. Damages.*
A common carrier, whose contract contemplates a reshipment by other agencies than his own, is not imperatively bound to accept the first opportunity that offers. The carrier who is an insurer as to the ultimate delivery is only bound to a delivery within a reasonable time, in the absence of any stipulation as to time, and is only bound to exercise reasonable diligence in procuring transhipment by other agencies.

2. SAME: *Case in judgment.*
F. shipped cotton by railroad from Holly Springs to New Orleans, *via* Memphis, to be transhipped by steamboat. The railroad agent at Memphis contracted with the M. & St. L. Packet Co. for its shipment on the steamer Richmond, then descending the river. Before her arrival the steamer Magenta offered to carry the cotton, but was refused. When the Richmond arrived she refused to take the cotton on account of heavy load and low water. The cotton was forwarded by the first boat after the Richmond. Several days' delay was thus caused, and in the meantime cotton declined in price. Thereupon F. sued the railroad for damages. *Held*, that the railroad was originally equally at liberty to contract with either boat, and nothing having occurred previous to the departure of the Magenta to induce an apprehension that they had made a mistake, and the shipment actually having been made by the first boat leaving after the Richmond, no liability can be imposed upon the company by reason of what transpired after the Magenta's departure; that their action was sufficiently prudent and prompt, tested by the circumstances existing at the time, and that they cannot be held liable for unforeseen emergencies.

ERROR to the Circuit Court of *Marshall* County.

Hon. O. DAVIS, Judge.

The material facts in this case are very fully stated in the opinion of the court.

It is assigned for error:

1. The verdict of the jury is contrary to the law and the testimony in the case.

2. The court below erred in refusing to admit the testimony

offered by plaintiffs in error as to the time cotton would reach New Orleans, shipped from Holly Springs.

3. The court below erred in giving the defendant's 3d charge.

*Walter & Scruggs*, for plaintiffs in error :

Defendant in error was a common carrier, received the cotton as such, and was bound to deliver it in New Orleans within a reasonable time. It was delayed, and the price of cotton depreciated. Defendant in error is bound for the damages thus sustained. Denning *v.* The Grand Trunk R. W. Co., 48 N. H., 455.

The cotton should have been shipped by the Magenta, when it was solicited by the steamer.

The instructions were erroneous and conflicting, and should not have been given. Kendrick et ux. *v.* Southern R. W. Co., 40 Miss., 388.

This case is not at all similar to V. & M. R. R. Co. *v.* Ragsdale, 46 Miss., 458. In that case the railroad failed to transport a boiler and engine from Vicksburg to Meridian. The failure was caused by the washing away of the bridge across Big Black, and it could not have been shipped without extraordinary expense, and the road was not bound to incur that, say the court. The facts in the case at bar are dissimilar. Defendant knew the river was low when he made the contract ; and, further, the shipping on the Magenta would have incurred no extraordinary, and in fact no additional, expense.

*Whitfield & Young*, for defendant in error :

Defendant is sued as a common carrier for damages caused by delay. In the absence of a special contract he is only bound to transport with reasonable diligence, and any unforeseen difficulty excuses delay. Vicksburg & Meridian R. R. Co. *v.* Ragsdale, 46 Miss., 483. The carrier is not bound to forward by other lines. 46 Miss., 483, *supra;* Am. R. W. Rep., vol. 1, p. 443 ; *s. c.,* 8 Am. Rep., 178 ; 19 Barb., 39. At least until forwarding by its own line becomes impracticable, which was not the case here. The boats of the Memphis & St. Louis

line were hourly expected, and in fact did come and take off the cotton, though delayed a few days.

If the railroad was forwarding by river, then it has discharged its duty, as the testimony shows that immediately upon the arrival of the cotton in Memphis it was placed in charge of a reliable line of boats, one of which was hourly expected, and though the Magenta did leave Memphis before the cotton was shipped, there is no proof that the Magenta was a reliable boat. The line of boats in charge of the cotton was a regular, permanent, and reliable line. The delay of a boat is the accidental, and not the certain, result of low water, and was as much contemplated by shipper as by carrier.

Defendant's 3d instruction is the law, and accords with 46 Miss., *supra*.

It was not error to exclude plaintiffs' testimony as to the time required to ship cotton from Holly Springs to New Orleans by all rail route. This was clearly incompetent.

*Harris & George*, on the same side.


CHALMERS, J., delivered the opinion of the court.

Plaintiffs shipped a lot of cotton by defendant's railroad, from Holly Springs to New Orleans, *via* Memphis, Tennessee. There was unusual delay in the transportation, and the suit is brought to recover the loss in price consequent thereon. The delay occurred in the forwarding from Memphis by boat, and defendant's liability, if any, arises therefrom. The contract of shipment contemplated a transfer of the cotton to a boat at Memphis, as it was well known that defendant's railroad terminated at that point. There being no time of performance stipulated, the contract was for a transportation and delivery at New Orleans in a reasonable time, and hence there was an obligation to use all reasonable diligence to secure transhipment at Memphis. Was this duty performed?

On the day of the arrival of the cotton at Memphis the agent of the railroad contracted with the agent of the Memphis & St. Louis Packet Company for its shipment by their

steamboat Richmond, then descending from St. Louis, and expected to arrive that day in Memphis *en route* for New Orleans. The Richmond was delayed several days by low water, and, when it did arrive, declined to take the cotton by reason of the stage of the river and its own tonnage. The cotton was forwarded by the first boat leaving thereafter. When the cotton finally reached New Orleans, more than a week after it should have done, the price had declined a half cent per pound.

It is shown that after the cotton arrived in Memphis, and its transportation on the Richmond had been contracted for with the agent of that boat, the steamboat Magenta, then lying in port, offered to receive it, and was refused, and that the Magenta left in advance of the Richmond, and, of course, several days in advance of the boat which eventually carried the cotton. Liability is sought to be fastened upon defendants by reason of their refusal to ship by the Magenta. We think that this claim is not well founded. A common carrier, whose contract contemplates a reshipment by other agencies than his own, is not imperatively bound to accept the first opportunity that offers. Such an obligation would put the carrier at the mercy of the party offering. The carrier, who is an insurer as to ultimate delivery, is only bound to a delivery within a reasonable time, in the absence of any stipulation as to time, and consequently is only bound, as we have remarked, to the exercise of reasonable diligence in procuring transhipment by other agencies than his own.

The Memphis & St. Louis Packet Company is shown, not only to be a reliable company, but to have been the promptest and most reliable agency then furnishing transportation between Memphis and New Orleans. The contract with its agent had already been made, and its boat was hourly expected when the Magenta applied for the cotton.

The Magenta sailed before the inability of the Richmond to take the cotton was known, and before there was any reason to suspect said inability.

Under these circumstances, defendant being originally equally at liberty to contract with either boat, and nothing having occurred previous to the departure of the Magenta to induce an apprehension that they had made a mistake, and the shipment actually having been made by the first boat leaving after the Richmond refused to receive it, no liability can be imposed upon defendant by reason of what transpired after the Magenta's departure. Its action was sufficiently prudent and prompt, tested by the circumstances existing at the time. It cannot be held liable for unforeseen emergencies arising thereafter. V. & M. R. R. Co. v. Ragsdale, 46 Miss., 476 ; Bennett v. Byram, 38 ib., 20 ; Redf. on Car., § 28.

There was no error in excluding from the jury proof as to the time within which cotton was transported from Holly Springs to New Orleans by the all rail route. Plaintiff voluntarily abandoned this route, and elected to make his shipment by the circuitous route through Memphis and down the river. To admit proof of the time within which the cotton could have been carried by the direct rail route, could only tend to confuse the jury by establishing a false standard.

The 3d instruction given for the defendant, and the 4th given for plaintiffs, are not altogether reconcilable, and neither, perhaps, fairly presents the facts as proved.

Taken as a whole, however, the instructions correctly enunciate the law of the case, and the verdict of the jury is correct.

Judgment affirmed.